# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**SHARDAYE JEACOLE MALIK BEY,**              CASE NO. 3:22 CV 2238

     Plaintiff,

     v.                                                          JUDGE JAMES R. KNEPP II

**BARBARA A. SESSLER, et al.,**
                                                                       **MEMORANDUM OPINION**
     Defendants.                                      **AND ORDER**


### INTRODUCTION

*Pro se* Plaintiff Shardaye Jeacole Malik Bey filed this action against Barbara A. Sessler, Erie County Recorder; Luvada S. Wilson, Erie County Clerk of Courts; Jason Hinners, Erie County Assistant Prosecuting Attorney; Jan Tkach, Huron County Recorder; Susan S. Hazel, Huron County Clerk of Courts; and Jacob Stephens, Huron County Assistant Prosecuting Attorney (Doc. 1). Plaintiff's Complaint concerns Defendants' alleged refusal to accept for filing documents Plaintiff submitted to the Recorders' and Clerks of Courts' offices in July 2022. Plaintiff seeks $160,050,000 in damages. *See* Doc. 1-1.

Currently pending before the Court is Defendants' Motion to Dismiss (Doc. 10) and Plaintiff's Motion for Summary Judgment (Doc. 11). For the following reasons, Defendants' motion is granted, Plaintiff's motion is denied, and this matter is dismissed.

### BACKGROUND

Plaintiff identifies herself as a citizen of the "Moorish National Republic Government North East Amexem Territories and Dominions" and claims she is a "Natural Person" and

therefore "the only contract [she] consents to is the United States Constitution" and not any "statutes, rules, codes, or regulations." *See* Docs. 1 and 1-1. Plaintiff asserts Defendants violated her right to file a grievance with the government. (Doc. 1, at 2, 4).

According to the Complaint, Plaintiff attempted to record and file a purported "Commercial Lien" with the Erie County Recorder's Office and the Huron County Recorder's Office. This document, entitled "Commercial Affidavit," consists of disjointed and illogical statements and appears to concern a citation issued to Plaintiff by the City of Columbus Division of Parking Services on May 14, 2022. *See* Doc. 10-1.[1] The document fails to identify any real estate to which a lien may attach. *See id.*

Plaintiff alleges that on July 7, 2022, Erie County Recorder Sessler refused to record and file the "Commercial Lien" on the advice of Assistant Prosecutor Hinners. (Doc. 1-1, at 2). According to Plaintiff, Hinners advised Plaintiff that based on the Ohio Revised Code, the Recorder's Office was not required to record the document. *Id.*

Several days later, on July 12, 2022, Plaintiff attempted to record and file the same document in Huron County.[2] *See id.* On the advice of Assistant Prosecutor Stephens, Huron

---

1. Ordinarily a court generally may not consider documents outside the pleadings when deciding a motion under Rule 12(b)(6). *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009). However, the Sixth Circuit "has taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Documents "referred to in a complaint and central to the claim, [which are] attached to a motion to dismiss form part of the pleadings." *Id.* "[I]f extrinsic materials merely 'fill in the contours and details' of a complaint, they add nothing new and may be considered without converting the motion to one for summary judgment." *Id.* (citing *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)). Defendants attach documents to their Motion to Dismiss. Because Plaintiff's "Commercial Liens" are referenced in the Complaint and integral to Plaintiff's claims, the Court may consider them without converting the Motion to one for summary judgment.
2. In her Complaint, Plaintiff alternately refers to this as "Norwalk County" and "Huron County." Norwalk is the seat of Huron County.

County Recorder Tkach refused to record and file the "Commercial Lien," explaining that the document could not be filed because it was not notarized. *Id.*

On July 25, 2022, Plaintiff returned to the Huron County Recorder's Office with an allegedly notarized document. *Id.* at 2. According to the Complaint, both Recorder Tkach and Assistant Prosecutor Stephens advised Plaintiff the document did not comply with the Ohio Revised Code and it was not an original, notarized document. *Id.* at 2-3. They therefore would not accept the document for recording or filing. *Id.*

On August 9, 2022, Plaintiff once again attempted to record and file the same "Commercial Lien" in Huron County. *Id.* at 3. Plaintiff advised Assistant Prosecutor Stephens that failure to record the "Commercial Lien" would be a federal crime. *Id.* Plaintiff presented Stephens and Tkach with an "Affidavit of Fact/Notice to Clerk/Recorder." *Id*.; *see also* Doc. 10-3. Police were called and Plaintiff advised the officers they "had no jurisdiction to address [her] in any manner." (Doc. 1-1, at 3). According to the Complaint, Stephens asked the officers to step outside. *Id.* Plaintiff perceived this act as "an attempt to intimidate [Plaintiff] from exercising [her] rights as a Private Citizen/In Propria Persona/Sui Juris/Sui Heredes." *Id.*

On September 1, 2022, Plaintiff mailed "Commercial Liens" to Defendants with money orders for the filing fees. *Id.*; *see also* Docs. 10-4 and 10-5. Defendants refused to file or record the documents. (Doc. 1-1, at 3). Erie County Clerk of Court Wilson sent a copy of the document to the Erie County Prosecutor's Office. *Id.* Huron County Clerk of Court Hazel also refused to file the documents, citing Ohio Code. *Id.* at 3-4.

Plaintiff alleges the following purported causes of action: (1) violations of 18 U.S.C. §§ 241, 242, 2071, and 2076; (2) violation of "Title LXX"; (3) violations of 42 U.S.C. §§ 1985 and

1986; and (4) violations of the Bill of Rights (First, Fourth, and Fifth Amendments) and 42 U.S.C. § 1983.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, a plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## DISCUSSION[3]

### Title 18

Plaintiff alleges Defendants have violated numerous sections of Title 18 of the United States Code. *See* Doc. 1-1, at 4. She claims Sessler, Hinners, and Wilson "conspired to injure and oppress [her] by refusing to record [her] Commercial Lien. . . and by seizing [her] documents without probable cause or due process" in violation of 18 U.S.C. § 241 (conspiracy to deny civil rights). *Id.* She also claims all Defendants deprived her of the right to petition the government for a redress of grievances and "seized [her] documents without probable cause or due process" in violation of 18 U.S.C. § 242 (deprivation of civil rights). *Id.* Plaintiff additionally claims all Defendants willfully and unlawfully concealed the documents she presented to the County Recorders' offices and the Clerks of Courts in violation of 18 U.S.C. § 2071 (concealment,

---

3. Plaintiff originally asserted an official capacity claim against Defendant Hazel, Huron County Clerk of Clerks. *See* Doc. 1-1 at 2. However, in Plaintiff's "Writ of Objection/Affidavit of Fact" (which the Court construes as Plaintiff's brief in opposition to Defendants' Motion to Dismiss), she asserts Hazel "is only being sued in her individual capacity." *See* Doc. 12 at 8. The Court therefore finds Plaintiff has abandoned any official capacity claim against Hazel.

removal, or mutilation generally). *Id.* Finally, Plaintiff alleges Hazel, Sessler, Tkach, and Wilson "willfully neglected to record" Plaintiff's "Commercial Lien" in violation of 18 U.S.C. § 2076 (Clerk of United States District Court). *Id.*

Sections 241, 242, 2071, and 2076 are all criminal statutes. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Miller-El v. Ohio*, 2022 WL 3043056, at *3 (N.D. Ohio). A private citizen has no authority to initiate a federal criminal prosecution. *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)); *Poole v. CitiMortgage, Inc.*, 2014 WL 4772177, at *5 (E.D. Mich.) (a private citizen lacks standing to initiate criminal proceedings) (citing, *inter alia*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Moreover, these statutes do not provide a private right of action in a civil case. *Booth v. Henson*, 290 F. App'x 919, 920-21 (6th Cir. 2008); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Miller-El*, 2022 WL 3043056, at *3; *Doss v. Beshear*, 2016 WL 2990748, at *2 n.2 (E.D. Ky.).

Accordingly, Plaintiff's allegations under 18 U.S.C. §§ 241, 242, 2071, and 2076 fail to state a claim upon which relief may be granted.

Title LXX

Plaintiff alleges Defendants have committed "crimes against justice" in violation of Sections 5403, 5407, and 5408 of "Title LXX." *See* Doc. 1-1, at 5. In support, she claims Defendants "stole" her "Commercial Liens" and failed to record them, conspired to prevent her from seeking redress from the government, "fraudulently took away [] documents filed with [Defendants] and offered them to their respective prosecutors without a warrant, probable cause, or [Plaintiff's] consent," and "accepted [Plaintiff's] documents while knowing that the

6

documents were to be recorded/filed . . . and not delivered to the prosecutors for lawful determination." *Id.*

As Defendants note, the current United States Code does not contain a "Title LXX." Our sister court in the Central District of California also noted that it was unable to determine the origin of this citation. *See Di Bartelo v. Scott*, 2012 WL 3229385, at *2 n.5 (C.D. Cal.), *report and recommendation adopted*, 2012 WL 3229301. An Ohio appellate court, however, described Title LXX as "an ancient code of the United States." *Kessler v. Kessler*, 2010-Ohio-2369, ¶ 11 (Ohio Ct. App.). Regardless, Plaintiff may not bring a claim under a statute not currently in effect and this claim must be dismissed.[4]

<u>42 U.S.C. §§ 1985 and 1986</u>

Plaintiff alleges Defendants have violated 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) and 42 U.S.C. § 1986 (neglect to prevent conspiracy). Plaintiff claims Defendants conspired to deprive Plaintiff of her rights under the First, Fourth, and Fifth Amendments by refusing to record or file her "Commercial Lien" and by unlawfully seizing Plaintiff's documents without her consent. Plaintiff further alleges that "all defendants had the power to prevent or aid in preventing" violations of her constitutional rights, yet refused to do so. (Doc. 1-1, at 5).

To establish a conspiracy under § 1985, a plaintiff must show defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4)

---

4. Moreover, in this claim, Plaintiff alleges Defendants have committed "crimes," such as destroying public records, "conspir[ing] to defeat enforcement of the laws," and "destroying record by officer in charge" in violation of these purported statutes. And because these statutes purport to be criminal statutes, they do not provide a private right of action in a civil case. Therefore, for this additional reason and as discussed above regarding Plaintiff's claims under the current criminal code, Plaintiff fails to state a claim upon which relief may be granted concerning her Title LXX claims.

which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States, and (5) the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club, LLC*, 204 F. App'x 528, 539 (6th Cir. 2006). This test requires allegations of "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Post v. Trinity Health-Michigan*, 44 F.4th 572, 580 (6th Cir. 2022) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Section 1986 imposes liability on anyone who has knowledge of a conspiracy under § 1985 and the power to prevent the commission of that conspiracy yet neglects or refuses to do so. *See, e.g.*, *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). The failure to state a claim for relief under § 1985 "is fatal to claims brought pursuant to § 1986 because a § 1986 claim is dependent upon a viable § 1985 claim." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008); *Nicholson v. City of Westlake*, 76 F. App'x 626, 629 (6th Cir. 2003) ("Section 1983 prohibits the aiding and abetting of violations of § 1985 and thus is derivative of § 1985. . . . Since we find no violation of § 1985, there can be no violation of § 1986.").

Here, Plaintiff's conclusory allegations that Defendants conspired to violate her rights under the First, Fourth, and Fifth Amendments are insufficient to state a claim under § 1985. Conspiracy claims must be pled with some specificity, and "vague and conclusory allegations that are unsupported by material facts are not sufficient to state a . . . claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Moreover, Plaintiff's Complaint contains no allegations of discriminatory animus.

Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 must therefore fail.

42 U.S.C. § 1983 and the Bill of Rights

Plaintiff alleges Defendants violated the Bill of Rights (First, Fourth, and Fifth Amendments). *See* Doc. 1-1, at 4. In support, she claims Defendants violated the First Amendment by refusing to record her "Commercial Lien." *Id.* Plaintiff also asserts Defendants Sessler, Tkach, and Wilson violated the Fourth Amendment when they "seized" her documents, copied them, and forwarded them to the prosecutors, and when Defendant Tkach "seized" her filing fee. *Id.* Finally, Plaintiff alleges Defendants' actions deprived her of her property and liberty, in violation of the Fifth Amendment, when they refused to file the "Commercial Lien," made copies of the documents without Plaintiff's consent, and took her money order for the filing fee. *Id.* Separately, Plaintiff argues Defendants' actions violated 42 U.S.C. § 1983. *Id.* at 4-5.

To the extent Plaintiff is attempting to assert a direct violation of the First, Fourth, and Fifth Amendments, her claims fail. The Sixth Circuit has long held that "§ 1983 provides the exclusive remedy for constitutional violations," and "there can be no direct constitutional violation when § 1983 is available as a remedy." *Thomas v. Shipka*, 818 F.2d 496, 503 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989)); *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014); *Woods Cove, III, LLC v. City of Akron*, 2018 WL 404186, at *5 n.15 (N.D. Ohio). Plaintiff therefore fails to state a claim for a direct violation of the First, Fourth, and Fifth Amendments.

To the extent Plaintiff alleges Defendants violated 42 U.S.C. § 1983, the Court finds these claims fail as well. To state a claim under § 1983, a plaintiff must allege that he or she suffered a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*First Amendment*

Plaintiff alleges Defendants deprived Plaintiff of her right to petition the government for redress of grievances in violation of the First Amendment when they refused to record/file her "Commercial Lien." *See* Doc. 1-1, at 4. The First Amendment provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. The right to petition under the First Amendment is limited to matters of public concern. *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1226 (6th Cir. 2000). A particular expression addresses a matter of public concern where it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). And speech that attempts to "remedy grievances of a purely personal nature" does not generally touch on a matter of public concern. *Valot*, 107 F.3d at 1226.

Here, Plaintiff's "Commercial Lien" is an attempt to resolve a personal dispute Plaintiff has with the City of Columbus Division of Parking Services regarding a citation issued to Plaintiff. Plaintiff fails to allege this dispute consists of matters of political, social, or other concern to the community. Plaintiff's Complaint therefore fails to state a First Amendment claim.

*Fourth Amendment*

Plaintiff claims Defendant County Recorders and Clerks of Court violated the Fourth Amendment when they "seized" her papers, copied them, and forwarded the documents to their respective prosecuting attorneys. (Doc. 1-1, at 4). She also asserts Defendant Tkach "seized" her filing fee when she mailed the documents to the courts for filing/recording. *Id.*

10

The Fourth Amendment prohibits unreasonable searches and seizures. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). To state a Fourth Amendment claim, an individual must demonstrate that the government's action in some way invaded his or her reasonable expectation of privacy. *Minnesota*, 525 U.S. at 88 (citing *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978)). "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967).

The purpose of filing documents with a Clerk of Courts – on the public docket – is generally to participate in some manner in a dispute that is a matter of public record. And as Defendants state in their motion, the purpose of filing a document with a County Recorder is to allow members of the public to know of a party's interest in the property to which the documents pertain. Here, Plaintiff, of her own accord, presented her "Commercial Lien" to the Clerks of Court for filing and the Recorders offices for recording, along with a filing fee. Plaintiff cannot in good faith argue that she had a reasonable expectation of privacy in documents she presented for public filing. And even if Plaintiff does believe she had an expectation of privacy in the documents she presented for filing, this Court does not find such an expectation one that society recognizes as reasonable. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citing *Katz*, 389 U.S. at 361 (Harlan, J., concurring) ("The Supreme Court has articulated a reasonable-expectation-of-privacy test, which asks (1) whether the individual has a subjective expectation of privacy . . . and (2) whether that expectation is one society recognizes as reasonable.")). Plaintiff therefore fails to state a Fourth Amendment claim upon which relief may be granted.

*Fifth (Fourteenth) Amendment*

Plaintiff alleges in a conclusory fashion that the Defendants' actions violated the Due Process Clause of the Fifth Amendment. *See* Doc. 1-1, at 4. Liberally construing Plaintiff's Complaint against the state and local Defendants, the Court construes this claim under the Fourteenth Amendment.

The Fifth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment makes the Due Process Clause applicable to the states. U.S. Const. amend. XIV. Because Plaintiff's due process claim addresses the actions of state or local officials, the Fourteenth Amendment's Due Process Clause, not the Fifth Amendment's Due Process Clause, applies. *See Palmer v. Schuette*, 768 F. App'x 422, 426-27 (6th Cir. 2019) (stating the Fifth Amendment due process guarantee applies to federal officials, while the Fourteenth Amendment due process protections apply to state officials).

The Due Process Clause sets the procedural minimum for deprivations of life, liberty, or property, and bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

The Due Process Clause has procedural and substantive components. Each component has a different objective, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require the government refrain from making a choice to infringe upon a person's life, liberty, or property

12

interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349-53 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure the affected individual has a participatory role in the process. *Id.* Procedural due process requires an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). Procedural due process claims do not consider the egregiousness of the deprivation itself but only question whether the process afforded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331. Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right"; or as a limitation on official misconduct, which, although not infringing on a fundamental right, is so literally "shocking to the conscience," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

The first step in any due process inquiry requires that a plaintiff establish a protected liberty or property interest under the Fourteenth Amendment. *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). Property interests are not created by the Constitution, but rather, "they are created, and their dimensions

are defined, by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). To have a property interest in a benefit, "a person clearly must have more than an abstract need or desire for it. He [or she] must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it." *Id.* For purposes of this discussion only, the Court assumes without deciding that Plaintiff has a liberty or property interest in having her "Commercial Lien" filed.

To prevail on a procedural due process claim, a plaintiff must plead and prove either (1) that she was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) that the defendant deprived her of a protected liberty or property interest pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). The plaintiff bears the burden of demonstrating that state remedies for redressing the alleged wrong are inadequate. *Vicory*, 721 F.2d at 1066 ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.").

Here, Plaintiff does not indicate she is challenging a specific established state procedure, statute, or local ordinance. Rather, it appears Plaintiff asserts her property was "seized" by Defendants' unauthorized acts. But there is no indication from the Complaint that Plaintiff has sought relief from the Ohio courts, and she has not alleged the available state remedies are inadequate to redress the alleged deprivation of her property. Plaintiff therefore fails to state a

cognizable procedural due process claim. *See Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993) (dismissal is appropriate if plaintiff fails to plead inadequacy of state law remedies).

Furthermore, Plaintiff has not alleged facts suggesting she was denied substantive due process. Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). Additionally, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he or she is subjected to some form of harassment or negligence at the hands of a government agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* Here, Plaintiff was not deprived of a fundamental right, and Defendants' actions were not so severe that they shock the conscience. Plaintiff has therefore failed to state a cognizable substantive due process claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 10), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 11), be and the same hereby is DENIED.

*s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE